UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAYMOND LANE,

                 Petitioner,

v.                                   CASE NO. 2:06-cv-13356
                                   HONORABLE JOHN CORBETT O'MEARA

RAYMOND BOOKER,

                 Respondent.

_____/

### ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) AND DENYING PETITIONER'S MOTIONS FOR COUNSEL AND A HEARING

Petitioner Raymond Lane has filed a *pro se* application for the writ of habeas corpus, which challenges Petitioner's 1996 conviction in Muskegon County, Michigan for possessing contraband (heroin) while a prisoner. Petitioner was sentenced as a habitual offender to imprisonment for six to ten years. The sentence was ordered to run consecutively to the sentence that Petitioner was serving at the time of the offense. The Michigan Court of Appeals affirmed Petitioner's conviction, and the Michigan Supreme Court denied leave to appeal. Currently pending before the Court are Respondent's motion to transfer this case to the Court of Appeals as a second or successive petition and Petitioner's motions for appointment of counsel and an evidentiary hearing.

Petitioner challenged the same conviction for possession of contraband in a previous habeas corpus petition. United States District Judge David W. McKeague dismissed the earlier habeas petition on the merits. *See Lane v. Jones*, No. 1:99-CV-80 (W.D. Mich. Sept. 7, 2000).

The United States Court of Appeals for the Sixth Circuit denied Petitioner's subsequent application for a certificate of appealability. *See Lane v. Jones*, No. 00-2262 (6th Cir. Mar. 27, 2001).

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a second or successive petition for habeas corpus relief is filed in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not acquired permission to file another habeas petition challenging the same conviction for possessing contraband, and this Court "cannot address the merits of a second or successive habeas corpus petition until the court of appeals has authorized the filing of the petition under § 2244(b)(3). . . ." *In re King*, 190 F.3d 479, 482 (6th Cir. 1999). Therefore, Respondent's motion to transfer [Doc. 12, Feb. 7, 2007] is **GRANTED**. The Clerk of Court is **ORDERED** to transfer Petitioner's case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. Petitioner's motion for appointment of counsel

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

[Doc. 9, Nov. 17, 2006] and his motion for an evidentiary hearing [Doc. 10, Jan. 12, 2007] are

**DENIED** as moot.


s/John Corbett O'Meara
United States District Judge


Dated: March 29, 2007


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 29, 2007, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager